UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| HOUSING ENTERPRISE INSURANCE COMPANY, INC. | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. ) |
| ONE SOUTH PLACE, LP; SOUTH RIDGE HOUSING, LLC; EMERALD HOUSING MANAGEMENT, LLC; BERKADIA COMMERCIAL MORTGAGE, LLC; ASSISTANT SECRETARY FOR HOUSING (a/k/a FEDERAL HOUSING COMMISSIONER) OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Housing Enterprise Insurance Company, Inc. ("HEIC"), by its attorneys Spicer Rudstrom, PLLC and Herrick, Feinstein LLP, brings this Complaint for declaratory relief against Defendants One South Place, LP ("One South Place"), South Ridge Housing, LLC ("South Ridge Housing"), Emerald Housing Management, LLC ("Emerald"), Berkadia Commercial Mortgage, LLC ("Berkadia"), and Assistant Secretary for Housing (a/k/a Federal Housing Commissioner) of the United States Department of Housing and Urban Development ("HUD Assistant Secretary"), and states the following:

1. This is an action brought by HEIC seeking a declaration that two insurance policies (a commercial property insurance policy and a commercial general liability

insurance policy) issued by HEIC to Defendant One South Place as the named insured are void for lack of insurable interest and/or concealment based on the sale by the insured of all of its interest in the sole covered property nine days after the policies incepted (and approximately six months prior to the loss/occurrence), without prior notice to HEIC of such sale until after the date of the loss/occurrence.

## PARTIES

2. HEIC is an insurance company incorporated under the laws of the State of Vermont, with its principal place of business in Cheshire, Connecticut.

3. Upon information and belief, One South Place is a Tennessee limited partnership with its principal place of business in Knoxville, Tennessee.

4. Upon information and belief, South Ridge Housing is a limited liability corporation formed under the laws of Tennessee with its principal place of business in Nashville, Tennessee.

5. Upon information and belief, Emerald is a limited liability corporation formed under the laws of Tennessee with its principal place of business in Knoxville, Tennessee.

6. Upon information and belief, Berkadia is a limited liability corporation formed under the laws of Delaware with its principal place of business in Ambler, Pennsylvania.

7. Upon information and belief, the HUD Assistant Secretary is employed by the United States Department of Housing and Urban Development ("HUD") located in Washington, D.C.

## JURISDICTION AND VENUE

8. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9. An actual and justiciable controversy exists between the parties within the

meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage provided under two insurance policies issued by HEIC, as more particularly described below.

10. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the insurance policies at issue in this lawsuit were issued to One South Place at an address located in this district and the subject property insured is located in this district. Therefore a substantial part of the relevant events in connection with this lawsuit took place within this district.

## INSURANCE POLICIES

12. HEIC issued a commercial property insurance policy to One South Place as the sole named insured effective September 20, 2016 to September 20, 2017 under policy number HEICP-205802-163575-2016 ("Property Policy"). The apartment building at One South Place, 1311 Bertie Rand Street, Knoxville, TN 37920 ("Property") was the sole covered location under the Property Policy. The Property Policy insured the Property against damage by certain risks, including fire. A certified copy of the Property Policy is attached hereto as Exhibit A.

13. HEIC also issued a commercial general liability insurance policy to One South Place as the sole named insured effective September 20, 2016 to September 20, 2017 under policy number HEICL-205802-163574-2016 ("CGL Policy"). The CGL Policy included coverage for bodily injury liability in the amount of $1 million per occurrence. A certified copy of the CGL Policy is attached hereto as Exhibit B.

14. The CGL Policy contained an endorsement entitled Liability Coverage - Designated Premises, which added the following exclusion:

3

Case 3:17-cv-00241-JRG-HBG   Document 1   Filed 06/06/17   Page 3 of 12   PageID #: 3

Schedule

Premises: Per all premises shown on the Commercial Liability Schedule - HAGL 2001

The Commercial Liability Coverage is amended as follows:

**EXCLUSIONS**

**EXCLUSIONS THAT APPLY TO BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, AND/OR ADVERTISING INJURY**

The following exclusions are added:

**We** do not pay for **bodily injury** or **property damage** (or **personal injury** or **advertising injury**, if provided by the Commercial Liability Coverage):

1. that arises out of the ownership, maintenance or use of the premises other than those described above; or

2. that arises out of operations that are necessary or incidental to the ownership, maintenance, or use of premises other than those described above.

15. The sole premises listed on the Commercial Liability Schedule - HAGL 2001 is "One South Place, 1311 Bertie Rand St., Knoxville TN 37920," the same Property covered under the Property Policy.

16. Accordingly, coverage under the CGL Policy is limited to liability for "bodily injury" arising out of the ownership, maintenance or use of the Property at 1311 Bertie Rand St., Knoxville TN 37920 or operations that are necessary or incidental thereto.

**NOTICE OF CLAIMS UNDER INSURANCE POLICIES**

17. On April 12, 2017, an ACORD form Property Loss Notice was submitted to HEIC on behalf of One South Place which provided notice of a claim under the Property Policy for damage to the Property caused by a fire which occurred on April 10, 2017.

18. On April 12, 2017, an ACORD form General Liability Notice of Occurrence/Claim was also submitted to HEIC on behalf of One South Place which provided notice of an occurrence under the CGL Policy arising from a fire at the Property which occurred

4

on April 10, 2017. The ACORD form stated that a child had been killed in the fire.

19. HEIC subsequently received notice of a claim for damages for bodily injury and wrongful death asserted by counsel representing Marjorie Anderson, an invitee at the Property on April 10, 2017, and the Estate of Mahki Johnson, her son who died allegedly as a result of the fire at the Property.

20. Following receipt of the aforesaid notices on April 12, 2017, HEIC immediately commenced a coverage investigation under the Property Policy and the CGL Policy.

21. During HEIC's coverage investigation, HEIC received documentation evidencing that on September 29, 2016 -- nine days after inception of both insurance policies -- One South Place sold all of its interest in the Property to South Ridge Housing for a sales price of $2,425,000.

22. Prior to receiving such documentation as part of its coverage investigation, HEIC had not been informed, and did not have any knowledge, of the sale of the Property.

23. Upon information and belief, after September 29, 2016, One South Place no longer maintained any interest, whether legal, financial, equitable or otherwise, in the Property.

24. Upon information and belief, on the date of the fire (April 10, 2017), One South Place did not maintain any interest, whether legal, financial, equitable or otherwise, in the Property.

25. After the sale of the Property on September 29, 2016, and continuously through April 10, 2017, One South Place no longer had an insurable interest in the Property.

26. As a result, the Property Policy was void for lack of insurable interest as of September 30, 2016.

27. The Property Policy does not cover property sold by One South Place.

28. The Property Policy does not cover more than One South Place's insurable interest in covered property.

29. The Property Policy cannot be assigned without HEIC's written consent.

30. After the sale of the Property on September 29, 2016, and continuously through April 10, 2017, there was no longer any potential that One South Place could be held liable for bodily injury to others occurring after September 29, 2016 and arising out of the ownership, maintenance or use of the Property (or operations necessary or incidental thereto).

31. As a result, the CGL Policy was void as of September 30, 2016.

32. The CGL Policy cannot be assigned without HEIC's written consent.

33. By letter dated May 24, 2017, HEIC informed One South Place that the Property Policy was void for lack of insurable interest as of September 30, 2016, and denied any obligation to make any payment under the Property Policy to or on behalf of One South Place or any other party in connection with the April 10, 2017 fire at the Property.

34. By letter dated May 24, 2017, HEIC informed One South Place that the CGL Policy was void for lack of insurable interest as of September 30, 2016, and denied any obligation to make any defense and/or indemnity payments under the Policy to or on behalf of One South Place, or any person or entity purporting to be its property manager, in connection with any claim or suit alleging wrongful death and/or bodily injury arising from the April 10, 2017 fire at the Property.

35. Enclosed with the aforesaid letters dated May 24, 2017 was a check payable to One South Place in the amount of $18,663.45, representing a pro rata return of premium for the Property Policy and CGL Policy calculated from September 30, 2016.

# FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT - PROPERTY POLICY
## AGAINST ALL DEFENDANTS

36. HEIC hereby incorporates and realleges the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. A controversy exists between HEIC and the Defendants concerning their respective rights under the Property Policy.

38. On and after September 30, 2016, One South Place did not have an insurable interest in the Property, thereby rendering the Property Policy void from that date for lack of insurable interest.

39. Upon information and belief, One South Place and/or its agent or representative misrepresented and/or concealed information from HEIC as to the length of term of insurance required under the Property Policy and/or that One South Place had contracted to sell the Property and/or had sold the Property, which constitutes a breach of the following condition of the Property Policy, rendering the Policy void:

> 7. **Misrepresentation, Concealment or Fraud** -- These Commercial Output Program coverages are void as to "you" and any other insured if, before or after a loss:
>
> a. "you" or any other insured have willfully concealed or misrepresented:
>
>   1) a material fact or circumstance that relates to this insurance or the subject thereof; or
>   2) "your" interest herein; or
>
> b. there has been fraud or false swearing by "you" or any other insured with regard to a matter that relates to this insurance or the subject thereof.

40. Accordingly, HEIC has no obligation to make any payment under the Property Policy to or on behalf of One South Place or any other Defendant arising from damage to the Property caused by fire on April 10, 2017.

7

41. Upon information and belief, South Ridge Housing is the current owner of the Property.

42. South Ridge Housing is not an insured or loss payee under the Property Policy, and therefore has no right to receive any insurance proceeds under the Property Policy as a result of the April 10, 2017 fire, or otherwise.

43. Upon information and belief, prior to September 29, 2016, Emerald acted as property manager for the Property pursuant to an agreement with One South Place, and after September 29, 2016 continued to act as property manager for the Property pursuant to an agreement with South Ridge Housing.

44. Emerald is not an insured or loss payee under the Property Policy, and therefore has no right to receive any insurance proceeds under the Property Policy as a result of the April 10, 2017 fire, or otherwise.

45. Upon information and belief, on or about January 27, 2015, Berkadia made a loan to One South Place which was secured by the Property.

46. Upon information and belief, said loan was assumed by South Ridge Housing on or about September 29, 2016.

47. Berkadia is not an insured or loss payee under the Property Policy, and therefore has no right to receive any insurance proceeds under the Property Policy as a result of the April 10, 2017 fire, or otherwise.

48. The HUD Assistant Secretary is a loss payee under the Property Policy.

49. As a result of the Property Policy being void as of September 29, 2016, the HUD Assistant Secretary has no right to receive any insurance proceeds under the Property Policy as a result of the April 10, 2017 fire, or otherwise.

50. By reason of the foregoing, a declaratory judgment is both necessary and

8

Case 3:17-cv-00241-JRG-HBG   Document 1   Filed 06/06/17   Page 8 of 12   PageID #: 8

proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the Property Policy.

WHEREFORE, Plaintiff HEIC respectfully requests that this Court enter judgment as follows:

A. Declaring that the Property Policy is void effective September 30, 2016;

B. Declaring that HEIC has no obligation to pay insurance proceeds under the Property Policy to One South Place;

C. Declaring that HEIC has no obligation to pay insurance proceeds under the Property Policy to South Ridge Housing;

D. Declaring that HEIC has no obligation to pay insurance proceeds under the Property Policy to Emerald;

E. Declaring that HEIC has no obligation to pay insurance proceeds under the Property Policy to Berkadia;

F. Declaring that HEIC has no obligation to pay insurance proceeds under the Property Policy to HUD Assistant Secretary;

G. Declaring that HEIC has no obligation to make any payment under the Property Policy to or on behalf of any of the Defendants in connection with the insurance claim as a result of the April 10, 2017 fire at the Property; and

H. Awarding such other and further relief as the Court deems just and proper under the circumstances.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT - CGL POLICY**
**AGAINST DEFENDANTS ONE SOUTH PLACE, SOUTH RIDGE HOUSING AND EMERALD**

51. HEIC hereby incorporates and realleges the allegations in paragraphs 1

through 50 as if fully set forth herein

52. A controversy exists between HEIC, and Defendants One South Place, South Ridge Housing and Emerald concerning their respective rights under the CGL Policy.

53. On and after September 30, 2016, One South Place did not have an insurable interest in the Property.

54. On and after September 30, 2016, there was no longer any potential that One South Place could be held liable to others for bodily injury or wrongful death occurring on and after September 30, 2016 and arising out of the ownership, maintenance or use of the Property (or operations necessary or incidental thereto) thereby rendering the CGL Policy void from that date as a matter of law.

55. Upon information and belief, One South Place and/or its agent or representative misrepresented and/or concealed information from HEIC as to the length of term of insurance required under the CGL Policy and/or that One South Place had contracted to sell the Property and/or had sold the Property, which constitutes a breach of the following condition of the CGL Policy, rendering the Policy void:

> 3. **Misrepresentation, Concealment or Fraud** -- This coverage is void as to **you** and any other **insured** if, before or after a loss:
>
>    a. **you** have or any **insured** has willfully concealed or misrepresented:
>
>       1) a material fact or circumstance that relates to this insurance or the subject thereof; or
>       2) the **insured's** interest herein;
>
>    b. there has been fraud or false swearing by **you** or any other **insured** with regard to a matter that relates to this insurance or the subject thereof.

56. South Ridge Housing is not an insured under the CGL Policy, and therefore has no right to coverage under the CGL Policy.

10

57. The definition of "insured" under the CGL Policy includes "any person or organization, except **your** employees, while acting as **your** real estate manager." The Definitions Section of the CGL Policy states that "[t]he words **you** and **your** mean the person, persons or organization named as the insured on the **declarations**," i.e. One South Place.

58. On April 10, 2017, no person or entity was acting as One South Place's property manager with respect to the Property.

59. Emerald is not an insured under the CGL Policy with respect to a claim or suit arising from the April 10, 2017 fire at the Property because it was not acting as One South Place's property manager on that date, and therefore has no right to coverage under the CGL Policy arising out of such occurrence.

60. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the CGL Policy.

WHEREFORE, Plaintiff HEIC respectfully requests that this Court enter judgment as follows:

A. Declaring that the CGL Policy is void effective September 30, 2016;

B. Declaring that HEIC does not have a duty to defend or indemnify One South Place under the CGL Policy in connection with the April 10, 2017 occurrence;

C. Declaring that HEIC does not have a duty to defend or indemnify South Ridge Housing under the CGL Policy in connection with the April 10, 2017 occurrence;

D. Declaring that HEIC does not have a duty to defend or indemnify Emerald under the CGL Policy in connection with the April 10, 2017 occurrence;

E. Declaring that HEIC has no obligation to make any defense and/or indemnity

payments under the CGL Policy to or on behalf of any of the Defendants in connection with a claim or suit as a result of the occurrence on April 10, 2017;

F. Awarding such other and further relief as the Court deems just and proper under the circumstances.

June 6, 2017.

Respectfully submitted,

/S/
Marc O. Dedman
Spicer Rudstrom, PLLC
414 Union Street, Suite 1700
Nashville, Tennessee 37219
(615) 259-9080 -- Telephone
(615) 259-1522 -- Facsimile
mod@spicerfirm.com


Respectfully submitted,

Alan R. Lyons (motion for pro hac vice admission to be made)
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400 -- Telephone
(212) 592-1500 -- Facsimile
alyons@herrick.com


*Attorneys for Plaintiff*
*Housing Enterprise Insurance Company*