## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 28, 2020

Mr. Alan Robert Lyons
Herrick, Feinstein
2 Park Avenue
New York, NY 10016

Mr. Dan D. Rhea
Arnett, Draper & Hagood
P.O. Box 300
Knoxville, TN 37923

      Re: Case No. 19-5422, *Housing Enterprise Ins Co, Inc v. One South Place, LP, et al*
          Originating Case No. : 3:17-cv-00241

Dear Counsel,

   The Court issued the enclosed opinion today in this case.

                              Sincerely yours,

                                s/Cathryn Lovely
                                Opinions Deputy

cc: Mr. John L. Medearis

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0060n.06

Case No. 19-5422

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

FILED
Jan 28, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| HOUSING ENTERPRISE INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff-Appellee, | ) ) |
| v. | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| SOUTH RIDGE HOUSING, LLC, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

**BEFORE: GILMAN, McKEAGUE, and KETHLEDGE, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** This case arises from a dispute over the purported assignment of an insurance policy. Housing Enterprise Insurance Company (HEIC) provided commercial property-insurance coverage to One South Place, LP (One South), the owner of a residential apartment complex. The insurance policy was renewed on an annual basis beginning in 2012.

When One South sold the apartment complex to South Ridge Housing, LLC (South Ridge) in 2016, it assigned the insurance policy to South Ridge as part of the sale, but it did so without the knowledge or consent of HEIC. The apartment complex was subsequently damaged in a fire.

HEIC filed suit in federal court, seeking a declaratory judgment that the insurance policy had become void as a result of the assignment made without its consent. The district court granted

HEIC's motion for summary judgment. South Ridge has appealed, arguing that (1) HEIC has a good-faith obligation to consider a post-loss request to assign the insurance policy, and (2) the insurance policy was not void under Tennessee law. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

### A.  Factual background

One South owned a residential apartment complex in Knoxville, Tennessee. Starting on September 20, 2012, HEIC provided commercial property-insurance coverage to One South. The apartment complex was the sole property covered by the insurance policy, and One South and HEIC renewed the policy on an annual basis on September 20 of each subsequent year. Among the policy's provisions was an anti-assignment clause, which stipulated that the "policy may not be assigned without 'our' written consent."

On September 10, 2015, One South entered into an agreement to sell the property to South Ridge. There is no common ownership between the two entities. The agreement provided that One South would transfer its "right, title and interest in and to any and all insurance policies . . . related to the . . . property." On September 29, 2016, the sale was closed. The closing documents confirmed that One South had transferred to South Ridge "[a]ll policies of title insurance, fire or other hazard insurance, all surety agreements or guaranties, and all rights which have accrued or may accrue thereunder."

Neither One South nor South Ridge sent HEIC a request to assign the insurance policy before the commencement of this litigation. Nor did either of them notify HEIC of the purported assignment or provide HEIC with the sale agreements between One South and South Ridge prior

to the loss in question. One South did not own legal title to the property after September 29, 2016, but it remained the sole named insured under the policy.

On April 12, 2017, One South provided HEIC with notice of a claim for property damage caused by a fire two days earlier. HEIC, in investigating this claim, determined that the ownership of the covered property had been transferred from One South to South Ridge during the relevant period of coverage. On May 24, 2017, HEIC sent a letter to One South declaring the insurance policy "void for lack of insurable interest." HEIC also sent One South a check representing a pro rata return of One South's insurance premium.

**B.  Procedural background**

In June 2017, HEIC filed suit in the United States District Court for the Eastern District of Tennessee, seeking declaratory relief against One South, South Ridge, Emerald Housing Management, LLC (a property-management company), and Berkadia Commercial Mortgage, LLC (South Ridge's mortgagee). Specifically, HEIC sought a judgment declaring that (1) the insurance policy was void effective September 30, 2016, and (2) HEIC had no obligation to defend or indemnify the named defendants in connection with the April 10, 2017 fire. The district court granted summary judgment in favor of HEIC. *Hous. Enter. Ins. Co. v. One S. Place, LP*, No. 3:17-CV-241, 2019 WL 2271762 (E.D. Tenn. Mar. 25, 2019). This timely appeal followed.

## II.  ANALYSIS

**A.  Standard of review**

We review the district court's grant of summary judgment de novo. *Keith v. County of Oakland*, 703 F.3d 918, 923 (6th Cir. 2013). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B.   Tennessee law of contract**

This case is before us based on diversity of citizenship; no federal law is involved. A federal court sitting in diversity applies the substantive law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Insurance policies in Tennessee, like other contracts, are enforced "according to their plain terms," and "the language used must be taken and understood in its plain, ordinary and popular sense." *Griffin v. Shelter Mut. Ins. Co.*, 18 S.W.3d 195, 200 (Tenn. 2000) (quoting *Alcazar v. Hayes*, 982 S.W.2d 845, 848 (Tenn. 1998)). Because insurance contracts are drafted by the insurer, however, courts in Tennessee construe any ambiguities in such contracts in favor of the insured. *Id*.

**C.   Purported assignment of the insurance policy to South Ridge**

South Ridge argues that the 2016 sale of the apartment complex, and the purported assignment of "[a]ll policies of title insurance, fire or other hazard insurance, all surety agreements or guaranties, and all rights which have accrued or may accrue thereunder," gave South Ridge an incidental right to request HEIC's consent to the assignment of the insurance policy. But South Ridge's logic is circular because South Ridge has no incidental rights pursuant to an insurance policy that was never validly assigned.

Tennessee law makes clear that the purported assignment in the 2016 sale of the apartment complex was invalid without HEIC's consent. Anti-assignment clauses in contracts are enforceable under Tennessee law. *Petry v. Cosmopolitan Spa Int'l, Inc.*, 641 S.W.2d 202, 203 (Tenn. Ct. App. 1982), *overruled on other grounds by Copeland v. HealthSouth/Methodist Rehab. Hosp., LP*, 565 S.W.3d 260 (Tenn. 2018) (explaining that an assignment may be prohibited when "validly precluded by contract").

This basic principle of contract law extends to insurance policies. *Citizens Tri-County Bank v. C.A. Ga. Mut. Ins. Co.*, 11 S.W.3d 120, 125 (Tenn. Ct. App. 1999) (holding that the purported assignment of an insurance policy without the insurer's consent was void when the policy contained an anti-assignment clause); *Certain Underwriters at Lloyds, London v. Winestone*, 182 S.W.3d 342, 348 (Tenn. Ct. App. 2005) ("An insurance company may refuse to honor an assignment made without its permission."). The insurance policy in dispute contained an anti-assignment clause, and neither One South nor South Ridge requested HEIC's consent to the assignment. South Ridge thus acquired no rights to the insurance policy through the 2016 sale of the apartment complex.

Indeed, the reasons for enforcing anti-assignment clauses are particularly relevant in the insurance context. The Tennessee Supreme Court, in *Duluth National Bank v. Knoxville Fire Insurance Co.*, 1 S.W. 689 (Tenn. 1886), explained that "[i]n case of sale or assignment of the insured property, the assent of the company is undoubtedly necessary before the benefit of the insurance can be assigned to the purchaser." *Id.* at 691. Insurance policies are personal contracts, often carefully calibrated based on the risks associated with an insured individual. *Melloan v. S. Fire & Cas. Co.*, 337 S.W.2d 452, 453 (Tenn. 1960) ("The contract of insurance is purely a personal contract between the insured and the insurance company.") (quoting *Commercial Cas. Ins. Co. v. Columbia Cas. Co.*, 125 S.W.2d 493, 496 (Tenn. Ct. App. 1938)). To validate the assignment of an insurance policy despite the presence of an anti-assignment clause and without the consent of the insurer would thus contradict this basic principle.

South Ridge's only argument in response appears to be that HEIC should be required to consider a post-loss request for assignment by South Ridge "in good faith and in a commercially reasonable manner," a general standard articulated by the Tennessee Supreme Court in *Dick*

*Broadcasting Co. of Tennessee v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013). But *Dick Broadcasting* did not involve a request to retroactively assign an insurance policy; it instead involved a request to assign a right-of-first-refusal asset-purchase agreement where the rights of the assignor were still very much in existence. *Id.* at 659–60.

In the present case, by contrast, neither One South nor South Ridge maintains any existing rights to the insurance policy. As discussed below, the insurance policy became void when the apartment complex was sold and the policy assigned without HEIC's consent. South Ridge therefore did not acquire any incidental right to request an assignment. Moreover, South Ridge has cited no authority showing that an insurer must in good faith consider a *retroactive* request to assign a policy. HEIC is thus under no obligation to consider a request for assignment under the *Dick Broadcasting* precedent.

### D. Voidness of the insurance policy

HEIC further contends that the insurance policy became void after One South lost its insurable interest in the property. Under Tennessee law, "[i]t is . . . essential to the validity of a contract of insurance that the insured have an 'insurable interest' in the property insured; otherwise, the contract amounts to no more than a wager and is void because of violation of pubilc [sic] policy." *Duncan v. State Farm Fire & Cas. Co.*, 587 S.W.2d 375, 376 (Tenn. 1979). The insurance policy, under HEIC's theory, became an impermissible "wager" contract once One South transferred all of its interest in the apartment complex.

South Ridge, on the other hand, argues that the contract was not void under the rule set forth in *Duncan* because One South's purported assignment effectively extinguished One South's interest in the policy. The problem with South Ridge's argument is that the voiding of One South's insurable interest due to the sale of the apartment complex did not automatically transfer ownership

- 6 -

of the policy to South Ridge by means of the purported assignment. And South Ridge's contention that One South "sold" the insurance policy to South Ridge fails because Tennessee law voids a purported assignment made without the insurer's consent. *See Citizens Tri-County Bank v. C.A. Ga. Mut. Ins. Co.*, 11 S.W.3d 120, 125 (Tenn. Ct. App. 1999).

This case is legally indistinguishable from *Estate of Cartwright v. Standard Fire Insurance Co.*, No. M2007-02691-COA-R3-CV, 2008 WL 4367573 (Tenn. Ct. App. Sept. 23, 2008). In *Estate of Cartwright*, a property owner entered into an insurance policy with an insurer. The owner and his wife then conveyed the property to their daughter. Subsequently, the daughter conveyed the property to her niece. The insurer was never notified of either change of ownership. A fire then caused damage to the property, and the niece filed a claim with the insurer. The Tennessee Court of Appeals affirmed the trial court's determinations that "[the new owner] did not have standing to enforce [the] insurance contract . . . because she was neither a party to nor an intended beneficiary of the policy," and that "the [original owner's estate] could not enforce the policy because the estate did not have an insurable interest in the property at the time of loss." *Id.* at *1. As a result, the court concluded that the policy was void, *id.* at *6, and it determined that the insurance company should return the premiums paid after the date of the sale to the daughter, *id.* at *6 n.4. Aside from One South's purported assignment of the insurance policy, which had no legal effect, the present case is indistinguishable from *Estate of Cartwright*.

One South contends, as a final argument, that the procedures for cancelling an insurance policy under the Tennessee Cancellation of Commercial Risk Insurance Act do not provide that insurance may be cancelled due to the purported sale of an insurable interest. *See* Tenn. Code Ann. § 56-7-1803. But HEIC did not attempt to unilaterally "cancel" the insurance policy. Rather, the policy became void as a matter of law, with no further action required on HEIC's part. The

- 7 -

provisions of the Cancellation of Commercial Risk Insurance Act are thus inapplicable to the present case. In sum, the insurance policy automatically became void after One South sold the covered property to South Ridge without HEIC's consent.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.